ALBANY,
Feb. 1827.

Wilcox
v.
Howland.

Copies of supplemental affidavits for a motion, must be served the same length of time before the day mentioned in the notice of motion, as is necessary for the service of copies of the principal affidavits.

An excuse for not obtaining affidavits for a motion, till it is too late for noticing the motion for the first day of term, will warrant a notice for a subsequent day in term; but not a short notice.

WILCOX *against* HOWLAND.

N. P. TALLMADGE moved, in behalf of the defendant, for a rule to enter a suggestion on the record, entitling him to judgment for treble costs, on a verdict in his favor. The motion was founded on several affidavits, copies of which, with a notice of the motion, had been served on the plaintiff's attorney more than four days previous to the day for which the motion was noticed. This was the first day of term. Afterwards, and but two days before term, the copy of a supplemental affidavit was served on the plaintiff's attorney, with notice that it would be read as an additional ground for the motion ; and the affidavit of serving the supplemental affidavit stated an excuse for not making an earlier service.

*T. J. Oakley,* contra, objected that the supplemental affidavit could not be read.

*Curia.* The supplemental affidavit cannot be received. The excuse would have warranted a notice of the motion for a subsequent day in term, but not a short notice. Copies of all supplemental affidavits must be served the same length of time before the day for which the motion is noticed, as is necessary for the service of the copies of the principal affidavits. The defendant's counsel may withdraw his papers and renew the motion at the next term.

Papers withdrawn.